

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
12/20/2018

| | | |
|---|---|---|
| IN RE: § | | |
| MARTIN  ARGUELLO § | CASE NO: 17-80324 | |
| Debtor(s) § | | |
| § | CHAPTER  7 | |
| § | | |
| DYLAN  LAFAVERS § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-8003 | |
| § | | |
| MARTIN  ARGUELLO § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

The plaintiff, Dylan LaFavers ("LaFavers"), commenced this adversary proceeding by filing a complaint on February 5, 2018.  LaFavers, a creditor in the underlying bankruptcy case, requested this Court find that the damages award from the lawsuit styled *Collin LaFavers, as next friend of D.L., a minor* v. *Martin Arguello*, Cause No. 16-CV-0434, 122nd Judicial District, Galveston County, Texas ("State Court Case") be deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).  The Court held a bench trial in this adversary proceeding on December 3, 2018.

LaFavers alleges that the defendant/debtor Martin Arguello ("Arguello") acted willfully and maliciously in shooting his firearm at and near the plaintiff, and eventually shooting the plaintiff twice.  LaFavers further alleges that Arguello's conduct resulted in severe bodily injury to the plaintiff, including two gunshot wounds.  It is the damages that flow from these gunshot wounds that LaFavers seeks a determination of non-dischargeability.

LaFavers is Arguello's stepson.  On or about December 9, 2015, when LaFavers was a minor, LaFavers and Arguello were involved in an altercation at the debtor's home.  This was

approximately six months after Arguello married LaFaver's mother. Arguello fired five shots at or near LaFavers from a 9 mm Barretta pistol. LaFavers was shot twice. The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. For the reasons stated in this opinion, the Court holds that any damages awarded in the State Court Case are non-dischargeable.

On or about December 9, 2015, LaFavers was living in a guesthouse located on Arguello's homestead. LaFavers had resided with Arguello and his mother for about six months at the time of the shooting. LaFavers and Arguello had prior disagreements and confrontations which had led Arguello barring LaFavers from the main home on the property. On that date, Arugello confronted LaFavers while LaFavers was walking from the guesthouse to the main property. Arguello wanted LaFavers to return to the guesthouse and not enter the main house. There was a disagreement and an altercation ensued. Arguello removed a loaded 9 mm Beretta from his pocket and fired five shots. He fired two shots in the air, one shot into the ground, and two final shots that hit LaFavers. However, between the first three shots and the last two shots, LaFavers was able to strike Arguello in the face. After this, Arguello shot LaFavers once in the biceps and once in the forearm.

The plaintiff and the debtor tell different versions of the same events but there is some commonality. They include the volatile nature of the relationship between the plaintiff and the debtor, the events that led up to the altercation and the number of shots fired. However, they differ in certain aspect including whether or not there was an objective or subjective intent by the debtor to injure the plaintiff. The plaintiff argues that the debtor intended to kill him and would have done so but for the fact that the debtor's gun jammed between the third and fourth shots. The debtor argues that his conduct was negligent or reckless but that he never intended to shoot

the plaintiff.[1]   The Court for the reasons discussed below holds that whether the Court finds the plaintiff more believable or the debtor more believable the result is that any damages that ensued from the gunshot wounds are non-dischargeable.

11 U.S.C. § 523(a)(6) provides that a discharge under Sections 727, 1141, 1228(a), 1228(b), or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.  "Willful" means that there is objective substantial certainty of injury to subjective motive to injure. *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 603 (5th Cir. 1998), *citing Kawaauhau v. Geiger*, 523 U.S. 57 (1998).  "Malicious" means an act done with the actual intent to cause injury. *Id.* at 606.  The Fifth Circuit held that "[a]n injury is willful and malicious where there is either an objective substantial certainty of harm or a subjective notice to cause harm." *Id.*

For the damages from the gunshot wounds suffered by the plaintiff to be non-dischargeable the Court need only find injury by the debtor to another entity, i.e. the plaintiff, that is willful and malicious.  Here the injuries are very self-evident.  The debtor shot the plaintiff with a 9 mm Barretta.  The debtor was physically injured and getting shot would be at a minimum very unpleasant, injuries would clearly ensue.  For a finding of willful and malicious the Court must find either there is an objective substantial certainty of harm or a subjective notice to cause harm.

"Whether the acts were substantially certain to cause injury (the "objective test") is based on "whether the [d]efendant's actions, which from a reasonable person's standpoint were substantially certain to result in harm, are such that the court ought to infer that the debtor's

---

[1] The debtor's testimony was at times incomplete.  He admitted he did not remember some events or that they happened so quickly he does not recall exactly what happened.  While the Court finds the debtor testimony credible, his incomplete testimony was evaluated by the Court as it considered the evidentiary standard for nondischargeability.

*subjective* intent was to inflict a willful and malicious injury on the Plaintiff." *In re Powers*, 421 B.R. 326, 335 (Bankr. W.D. Tex. 2009) (emphasis in original). A subjective motive to cause harm (the "subjective test") exists when a tortfeasor acts "deliberately and intentionally, in knowing disregard of the rights of another." *See Miller*, 156 F.3d at 605-06 (adopting the definition of "implied malice" from *In re Nance*, 556 F.2d 602, 611 (1st Cir. 1977))" <u>Lowry v. Croft (In re Croft)</u>, 500 B.R. 823, 860 (Bankr. W.D. Tex. 2013).

In analyzing a dischargeability of debt determination under § 523(a)(6), the Court must examine the events or facts that caused the plaintiff harm. The evidentiary reality is that the defendant in this case, and most other cases like it, will not admit a malicious intent. A court is thus expected to analyze whether the defendant's actions, which from a reasonable person's standpoint are substantially certain to cause harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff. *Christensen v. Lay (In re Lay)*, Nos. 11-43085, 11-4234, 2013 Bankr. LEXIS 773 (Bankr. E.D. Tex. Mar. 1, 2013). Here, the Court makes such a finding to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff. Other courts in the Fifth Circuit have also recognized that the "objective substantial certainty of harm" prong of the *Miller* test allows courts to infer willful and malicious injury from a preponderance of the evidence. "The "objective substantial certainty" prong "is a recognition of the evidentiary reality that a defendant in a bankruptcy context rarely admits any prior action was taken with the intent to cause harm to anyone. A court is thus expected to analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to cause harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr.

W.D. Tex. 2009) (citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed.Appx. 360, 362 (5th Cir. 2007)" <u>White Nile Software, Inc. v. Mandel (In re Mandel)</u>, Nos. 10-40219, 12-4127, 12-4128, 2017 Bankr. LEXIS 890, at *87-88 (Bankr. E.D. Tex. Mar. 31, 2017).

In analyzing the actions of the debtor, the Court finds that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff. The Court finds that the intentional actions of the debtor, of pulling a loaded 9mm Barretta handgun from his pocket and then shooting it five times, aiming near to and then into his 17-year-old step-child constitutes a subjective intent by the debtor to inflict a willful and malicious injury on the plaintiff. This is true whether one believes the plaintiff's or the debtor's version of events. This was not an incident where a loaded gun accidentally discharges once and then hits someone. Additionally, this was not a single or isolated shot that happened to cause an injury. The debtor pulled the gun's trigger repeatedly, five times and with the final two trigger pulls struck the plaintiff twice with 9 mm bullets. It is this repeated firing that leads the Court to find the shooting was not accidental, reckless or negligent but intentional, willful and malicious. The Court has inferred from the totality of the evidence and testimony, as well as a preponderance of the evidence that when the debtor fired the final two shots that struck and injured the plaintiff there was objective substantial certainty on the part of the debtor that harm would occur.

The debtor would argue that by inference the actions of the debtor were reckless and negligent, however, based on the burden of proof[2] and the evidence presented the Court disagrees. While there was some evidence that the actions of the debtor were both greatly reckless and overly negligent, the greater weight of evidence does not support the debtor's claims.

---

[2] The burden of proof in a dischargeability action is a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).

**ACCORDINGLY, IT IS ORDERED** judgment is granted in favor of the plaintiff, and that damages arising in *Collin LaFavers, as next friend of D.L., a minor* v. *Martin Arguello*, Cause No. 16-CV-0434, 122nd Judicial District, Galveston County, Texas are deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).  A separate final judgment will issue.

SIGNED: 12/20/2018.

_____
Jeffrey P. Norman
United States Bankruptcy Judge