

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
07/30/2020

| | | |
|---|---|---|
| IN RE: § | | |
| MARTIN ARGUELLO § | CASE NO: 17-80324 | |
| Debtor § | | |
| § | CHAPTER 7 | |
| § | | |
| DYLAN LAFAVERS § | | |
| Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 18-08003 | |
| § | | |
| MARTIN ARGUELLO § | | |
| Defendant § | | |

## MEMORANDUM OPINION

Before the court is a matter that it has previously tried. On December 20, 2018, this court entered a judgment in favor of the plaintiff, in the case of *Collin LaFavers, as next friend of D. L., a minor v. Martin Arguello*, that plaintiff's debt was non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). It is unfortunate that this Court erred in its opinion and the case was properly remanded by the District Court.[1] Trial was then held on July 29, 2020. In the remand from appeal, the District Court affirmed that this Court's prior opinion that Martin Arguello's conduct was both willful and malicious, but vacated the portion of the ruling that the debt was not dischargeable, as the opinion did not address whether the defendant was "sufficiently justified under the circumstances."[2] The remand was specifically to determine whether Arguello's actions were sufficiently justified under the circumstances such that it renders the debt dischargeable under 11 U.S.C. § 523(a)(6).

LaFavers had previously alleged that the defendant/debtor Martin Arguello acted willfully and maliciously in shooting his firearm at and near the plaintiff, and eventually wounding the plaintiff twice. LaFavers further alleged that Arguello's conduct resulted in severe bodily injury to the plaintiff, including two gunshot wounds. It is the damages that flow from these gunshot wounds for which LaFavers sought a determination of non-dischargeability. LaFavers is Arguello's stepson and was a minor at the time of the incident. On or about December 9, 2015, LaFavers and Arguello were involved in an altercation at Arguello's home. This was approximately six months after Arguello married LaFaver's mother. Arguello fired five shots at or near LaFavers from a 9 mm Barretta pistol. LaFavers was shot twice. The court made findings of fact and conclusions of law and held that damages awarded in the State Court Case were non-dischargeable.[3]

---

[1] ECF No. 58
[2] *In re Vollbracht*, 276 F. App'x 360, 362.
[3] ECF No. 30

The court found that Arguello removed a loaded 9 mm Beretta from his pocket during the altercation and fired five shots. He fired two "warning shots" in the air, one "warning shot" into the ground, and two final shots that hit LaFavers. However, between the first three shots and the last two shots, LaFavers was able to strike Arguello in the face. After this, Arguello shot LaFavers once in the biceps and once in the forearm. LaFavers testified at the original trial that Arguello intended to kill him, and while the Court did not believe that this would have occurred, LaFavers' mental state must have been elevated.

This court erred when it failed to make an additional finding regarding whether Arguello's actions were sufficiently justified under the circumstances such that it renders the debt dischargeable under 11 U.S.C. § 523(a)(6). For the reasons so stated, the court finds that Arguello's actions were not sufficiently justified under the circumstances and that the debt is not dischargeable.

The "substantially justified" exception is "not limited to the doctrine of self-defense." Indeed, "it is a more expansive affirmative defense, allowing a bankruptcy court to engage in a fact-specific analysis to determine whether 'an injury otherwise falling under [the] two-part test is sufficiently justified to render it not willful and malicious.'"[4]

At the trial on remand, Arguello was the only witness. He testified and presented evidence that was not available at the original trial. The evidence in summary supported his position of self-defense and included pictures of himself after the altercation in which LaFavers was shot. Generally, they indicate that Arguello was hit and suffered a bloody nose during the altercation and that a not inconsequential amount of blood flowed from the contusion onto his hands and clothing.

The court places the burden on Arguello that his actions in shooting LaFavers were sufficiently justified under the circumstances.[5] The court finds that Arguello has failed in his burden.

At the onset, the Court stresses the following facts, LaFavers was a minor when this event occurred and the defendant, while not his biological parent is old enough to be his biological father. Additionally, LaFavers and Arguello both appeared at the trial held in 2018 and by physical appearance, Arguello was the larger individual. Rationally and intellectually, there must be very limited justified circumstances where an adult, who is now related by marriage to a minor child, pulls a gun and shoots warning shots at the child to keep him from entering the house where his mother lives, then shoots him when the minor child[6] reacts to the warning shots. Sufficient justification under these circumstances should be sufficiently proved and it was not. The Court does not believe that LaFavers' actions in striking Arguello and giving him facial injuries was sufficient justification for him to then shoot his stepchild two times.

While these "warning shots" did no physical damage to LaFavers, he must have been

---

[4] *Wise v. Peterson (In re Peterson)*, 452 B.R. 203, 233 (Bankr. S.D. Tex. 2011), *citing In re Vollbracht, supra* at 362.
[5] The court applies a preponderance of the evidence standard.
[6] The court notes that minor children are often held to a lower standard of care than an adult.

emotionally affected. His stepfather had pointed a gun either at him or in his direction and fired it multiple times. This is not normal behavior for most individuals, more specifically not a stepparent. Most stepchildren have had some conflict with their stepparents; however, this court is not aware of any situation where a stepparent has fired "warning shots" at them. The court cannot rationalize this behavior, even under the facts of this case.

LaFayers was placed in a "flight or fight"[7] situation by Arguello. That LaFavers choose to charge and hit Arguello under the facts is sufficiently justified. That Arguello then shot LaFavers is not, and his shooting of a minor under these circumstances, the court does not consider to be self-defense.[8] At the trial on remand, Arguello's defense consisted of the facts that LaFavers hit him in between the shots, causing his bloody nose, that there was a police investigation and no charges were brought, and that he was no billed by a grand jury.[9] While these facts were not disputed, no documentary evidence was produced at trial and there were no additional witnesses called. Arguello did also testify that LaFavers did not attempt to get hold of the gun and that he could have walked away himself from the altercation. The facts weigh against a conclusion that Arguello's action were justified under the circumstances.

The court therefore finds the damages arising from *Collin LaFavers, as next friend of D.L., a minor* v. *Martin Arguello*, Cause No. 16-CV-0434,122nd Judicial District, Galveston County, Texas ("State Court Case") and as set forth in Claim No. 13 filed by LaFavers in this bankruptcy case ("LaFavers' Claim") as well as the Stipulation of Acceptance of Proof of Claim Filed by Dylan LaFavers (Main Bankruptcy Case No. 17-80324, Docket No. 60) ("Stipulation") in the amount of $2,036,728.22 is deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

A separate final judgment will be entered.

SO ORDERED.

SIGNED: 07/30/2020.

_____
Jeffrey P. Norman
United States Bankruptcy Judge

---

[7] The fight-or-flight response (also known as the acute stress response), refers to a physiological reaction that occurs when we are in the presence of something that is mentally or physically terrifying.

[8] Admissions of Fact, ECF No. 22, page 3, 14. On the evening of December 9, 2015, Plaintiff and Defendant encountered each other in the back yard at Defendant's residence. Defendant aimed and fired his 9MM Beretta at Plaintiff. As a result, Plaintiff was injured by Defendant shooting him once in the bicep and once in the forearm (the "Incident").

[9] The Court notes the differing evidentiary burdens in this case versus a criminal matter. That Arguello was no billed by a grand jury, the court does not consider a defense to this action.